# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH F. ESTRADA,<br><br>            Plaintiff,<br><br>       v.<br><br>WELL PATH, *et al.*,<br><br>            Defendants. | Case No.  1:23-cv-01399-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 7, 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Rudolph F. Estrada ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On November 2, 2023, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 7.)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 10.)  The Court granted Plaintiff a thirty-day extension of time on November 27, 2023.  (ECF No. 9.)  The extended deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise

1 | communicate with the Court.

**II.    Failure to State a Claim**

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

    **B.    Plaintiff's Allegations**

Plaintiff is currently housed at Fresno County Jail, possibly as a pretrial detainee,[1] where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Well Path, health care, (2) Fresno County, (3) Fresno County Jail, and (4) Russell Duran, Custody Captain.

---

[1] It is unclear from the allegations if Plaintiff is a convicted prisoner or a pretrial detainee.

1    In claim 1, Plaintiff alleges a violation of the Eighth Amendment.  Plaintiff alleges that
2 since 3/33/23, defendants have neglected to provide Plaintiff with a reasonable treatment plan that
3 will alleviate the severe spinal pain and discomfort Plaintiff experiences and which is worsening.
4 The pain prevents Plaintiff from performing activities of daily living.  Plaintiff has relentlessly
5 submitted numerous Health Care Service Request forms requesting defendants to schedule an
6 appointment with a physician who is qualified to address Plaintiff's spinal pain and discomfort.  It
7 took over eighty days before Plaintiff was able to be evaluated by a physician.  Although
8 Defendants are aware that Plaintiff's only complaint is the severe pain and discomfort in his
9 spine, the defendants consciously ignored his complaint and ordered medical exams (CAT scan,
10 MRI) of Plaintiff's left hip which Plaintiff does not have a problem with.[2]  Defendants allowed
11 custody officer, Captain Russell Duran, to make the medical decision regarding Plaintiff medical
12 needs.  Captain Duran does not have the training or qualifications in medicine to make
13 evaluations or treatment for patients.  On 6/13/23, Captain Duran denied Plaintiff's medical
14 treatment, via appeal final decision, because Plaintiff did not provide evidence to support
15 Plaintiff's complaint that the medical plan is ineffective.  As a result of denial of medical
16 treatment, Captain Duran has caused further bodily injuries and psychological distress.

17    As remedies, Plaintiff seeks access to a qualified expert to determine the extent of
18 Plaintiff's spinal injury and requests alleviation of his pain and discomfort.  Plaintiff also asks
19 that custody officer be prohibited from making medical decisions.  Plaintiff also seeks
20 compensatory and punitive damages.

21    **C.    Discussion**

22 Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
23 state a cognizable claim under 42 U.S.C. § 1983.

24    **1.    Federal Rule of Civil Procedure 8**

25 Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
26 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

---

[2] Plaintiff's attached exhibits state that his hip and spine were x-rayed.

3

1   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

2   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

3   (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

4   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

5   at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

6   *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

7        Here, Plaintiff's complaint is short, but is not a clear statement.  Plaintiff fails to identify

8   who did what and explain how his rights were violated.  Plaintiff has failed to identify individual

9   medical providers and does not allege factual support that any individual's care was not

10  sufficient.  Plaintiff's conclusory allegations are not sufficient.  Plaintiff refers to "defendants"

11  jointly without identifying what each defendant did or did not do which violated Plaintiff's rights.

12  And, as discussed below, by naming entity defendants, Plaintiff has failed to comply with the

13  requisite pleading requirements.

14       While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot

15  simply dump a stack of exhibits on the court and expect the court to sift through them to

16  determine if some nugget is buried somewhere in that mountain of papers, waiting to be

17  unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695,

18  698 (S.D. Tex. 2017).  "The Court will not comb through attached exhibits seeking to determine

19  whether a claim possibly could have been stated where the pleading itself does not state a claim.

20  In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-

21  CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

22         **2.**    **Linkage Requirement**

23  The Civil Rights Act under which this action was filed provides:

24  Every person who, under color of [state law] . . . subjects, or causes to be
    subjected, any citizen of the United States . . . to the deprivation of any rights,
25  privileges, or immunities secured by the Constitution . . . shall be liable to the
    party injured in an action at law, suit in equity, or other proper proceeding for
26  redress.

27  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

28  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link any defendant to any wrongful conduct. Plaintiff fails to name any individual who allegedly denied him medical care, aside from Defendant Duran.

### 3.     Eighth and Fourteenth Amendments – Medical Care

It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner during the relevant time period. To the extent that Plaintiff was a pretrial detainee during the relevant time period, his claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)). Courts analyze inadequate medical care claims like other conditions-of-confinement claims, including failure to protect. *Gordon v. County of Orange*, 888 F.3d at 1123–24.

The Court of Appeals for the Ninth Circuit identifies the "elements of a pretrial detainee's Fourteenth Amendment claim as follows:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

1  (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d at 1071.  In addition, "[w]ith respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the 'facts and circumstances of each particular case.' "  *Id.*, citing *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Pretrial detainees do not have to prove that prison officials who allegedly administered subpar medical treatment were subjectively aware of the medical risk; instead, plaintiffs need only show that the misconduct was objectively unreasonable.  *Kingsley*, 576 U.S. at 396–97.  However, a plaintiff must prove more than mere negligence, or the lack of due care, to prove an intentional deprivation under this standard.  *Daniels v. Williams*, 474 U.S. at 330–31.  In addition, where delay in treatment is alleged, "the delay must have caused substantial harm."  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (citing *Shapley v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has failed to state a cognizable claim for the alleged denial of medical care.  Plaintiff alleges that he was referred for multiple testing, such as MRIs and CAT scans.  His exhibits show he was provided physical therapy, given Ibuprofen.  Such allegations do not demonstrate intentional decisions which subjected Plaintiff to a substantial risk of suffering harm.  Further, Plaintiff's contention that he should have been referred for other treatment, is nothing more than a difference of opinion, which fails to state a cognizable civil rights claim.

### 4. Municipal Liability

Plaintiff also brings this action against the County of Fresno, Fresno County Jail, and Well Path.

Although Well Path and its employees are not governmental actors, private contractors hired to provide prison medical care may be acting under color of state law for purposes of section 1983.  *West v. Atkins*, 487 U.S. 42, 56 (1988).  Liability under section 1983 applies to both individual contract employees and private entities "under contract" with a state "to provide medical services."  *Lopez v. Dep't of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *see also Long v. Corizon Health, Inc.*, No. 17-00898, 2018 WL 5962499, at *4 (E.D.

6

1  Cal. Nov. 14, 2018) (finding that private doctors and hospitals contracting "with a public prison
2  system to provide treatment to inmates" perform a public function and thus act under color of
3  state law), report and recommendation adopted, 2018 WL 6528421 (E.D. Cal. Dec. 12, 2018).
4  Liberally construed, Well Path and its employees were under contract with the County to provide
5  medical services to County inmates. They were therefore performing a public function and acting
6  under color of state law when treating Plaintiff. However, Plaintiff fails to name the Well Path
7  employees responsible for purportedly violating his Constitutional rights.

8        A local government unit may not be held responsible for the acts of its employees under a
9  respondeat superior theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).
10 Rather, a local government unit may only be held liable if it inflicts the injury complained of
11 through a policy or custom. *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). A
12 municipality can only be held liable for injuries caused by the execution of its policy or custom or
13 by those whose edicts or acts may fairly be said to represent official policy. *Monell*, 436 U.S. at
14 694.

15       Generally, to establish municipal liability, the plaintiff must show that a constitutional
16 right was violated, the municipality had a policy, that policy was deliberately indifferent to
17 plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional
18 violation. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown,* 520 U.S. 397, 400 (1997); *Burke v.*
19 *Cty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009); *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d
20 1175, 1185–86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a
21 course of action . . . made from among various alternatives by the official or officials responsible
22 for establishing final policy with respect to the subject matter in question.' " *Castro v. Cty. of Los*
23 *Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting *Pembaur v. City of Cincinnati*, 475 U.S.
24 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry.
25 *Castro*, 833 F.3d at 1076.

26       "A plaintiff may . . . establish municipal liability by demonstrating that (1) the
27 constitutional tort was the result of a 'longstanding practice or custom which constitutes the
28 standard operating procedure of the local government entity;' (2) the tortfeasor was an official

1  whose acts fairly represent official policy such that the challenged action constituted official
2  policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified
3  the decision of, a subordinate.' "  *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich*
4  *v. City & Cty. of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)).

5        A plaintiff seeking to impose liability upon a municipality is required to identify the
6  policy or custom that caused the constitutional injury.  *Bd. of Cty. Comm'rs of Bryan Cty., Okl.*,
7  520 U.S. at 403.  A municipality may only be held liable for those deprivations that result "from
8  the decisions of its duly constituted legislative body or of those officials whose acts may fairly be
9  said to be those of the municipality." *Id.* at 403–04.  "Similarly, an act performed pursuant to a
10 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject
11 a municipality to liability on the theory that the relevant practice is so widespread as to have the
12 force of law." *Id.* at 404.

13       The complaint is devoid of any factual allegations to demonstrate a policy or custom that
14 violated Plaintiff's federal rights.  Plaintiff has not set forth any policy or custom nor has he
15 stated a claim for a violation of his federal rights. Plaintiff has failed to state a claim.

16       **5.     No Right to Appeals Process**

17       To the extent Plaintiff is complaining about how Sergeant Duran decided the grievances, a
18 prison official's processing of an inmate's appeals, without more, cannot serve as a basis for
19 Section 1983 liability.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do
20 not have a "separate constitutional entitlement to a specific prison grievance procedure.")
21 (citation omitted), cert. denied, 541 U.S. 1063 (2004); *Shallowhorn v. Molina*, 572 F. App'x 545,
22 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who
23 "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Evans v.*
24 *Cisneros*, No. 1:22-CV-01238 AWI BAM PC, 2023 WL 2696670, at *5 (E.D. Cal. Mar. 29,
25 2023) (no claim for failing to address appeals).

26       **6.     Injunctive Relief**

27       Plaintiff is seeking injunctive relief in this action, by way of specific treatment. Federal
28 courts are courts of limited jurisdiction and in considering a request for injunctive relief, the

8

Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Here, Plaintiff has failed to state a cognizable claim.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 2, 2023 screening order and November 27, 2023 order granting Plaintiff's motion for extension of time expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 7, p. 10; ECF No. 9, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

///

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV. Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 16, 2024**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

11