UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH F. ESTRADA,<br><br>             Plaintiff,<br><br>    v.<br><br>WELL PATH, et al.,<br><br>             Defendants. | No.  1:23-cv-01399-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(Doc. 11) |

Plaintiff Rudolph F. Estrada is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 2, 2023, the assigned magistrate judge issued a screening order granting plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (Doc. 7.)  Plaintiff was warned that failure to comply with that order would result in a recommendation that this action be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.* at 10.)  Following an extension of time (*see* Doc. 9), plaintiff did not file an amended complaint or otherwise communicate with the court.

On January 16, 2024, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey a court order, and failure to prosecute.  (Doc. 11.)  Those

1

findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)  On January 26, 2024, the findings and recommendations were returned as "Undeliverable, Not in Custody."  On April 3, 2024, the order reassigning this case to the undersigned was also returned as "Undeliverable, Not in Custody."  Plaintiff has not filed objections to the findings and recommendations, filed a notice of change of address, or otherwise communicated with the court.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), this court has conducted a de novo review of the case.  Having carefully reviewed the file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.[2]

Accordingly:

1. The findings and recommendations issued on January 16, 2024, (Doc. 11), are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 30, 2024

UNITED STATES DISTRICT JUDGE

---

[1] Though the findings and recommendations were returned as undeliverable, they were properly served on plaintiff.  *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

[2] In addition to the reasons set forth in the findings and recommendations, dismissal of this action is also independently supported under Local Rule 183(b), as more than sixty-three (63) days have elapsed since the findings and recommendations were returned as undeliverable, and plaintiff has yet to provide the court with his current address.  L.R. 183(b).